1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO FERNANDO MIER-CARDENAS, | 1:10-cv-00152 AWI MJS (HC) |
| Petitioner, | ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT |
| v. | (Thirty (30) day deadline) |
| NEIL H. ADLER, | ORDER PERMITTING RESPONDENT TO REPLY TO PETITIONER'S |
| Respondent. | RESPONSE TO ORDER TO SHOW CAUSE |
| _____/ | |

Petitioner is a former federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner here seeks credit on his federal sentence.  He claims that the Bureau of Prisons (BOP) failed to provide him credit for time served while in custody in Columbia. Respondent has responded to the petition.   Petitioner has filed a traverse.

Pending before the Court is Petitioner's October 15, 2010, notice of change of address which indicates that Petitioner is no longer in the custody of the BOP. This is consistent with Respondent's allegations in his answer that Petitioner was scheduled for release from custody on October 16, 2010.

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor

1    Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy

2    in which a litigant has a personal stake in the outcome of the suit throughout all stages

3    of federal judicial proceedings and has suffered some actual injury that can be redressed

4    by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot

5    when it no longer presents a case or controversy under Article III, § 2 of the Constitution.

6    Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus

7    is moot where a petitioner's claim for relief cannot be redressed by a favorable decision

8    of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01

9    (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is

10    jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99

11    (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before

12    the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

13         A case becomes moot because of the absence of an actual case or controversy

14    where the petitioner no longer suffers or anticipates an injury traceable to the respondent

15    which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11.

16    Although a habeas claim for credit on a sentence may be mooted by the petitioner's

17    release, it is also possible that the claim remains viable. For example, a habeas challenge

18    to a term of imprisonment is not mooted by a petitioner's release where the petitioner

19    remains on supervised release and there is a possibility that the petitioner could receive

20    a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148

21    (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241

22    challenging a decision of the BOP denying the petitioner's request for credit towards his

23    federal sentence for days spent in state custody was not moot where the petitioner was

24    released and remained on supervised release, and the BOP's internal, favorable decision

25    did not recalculate the petitioner's release date as the petitioner had requested.

26         Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order,

27    Petitioner shall show cause why the Court should not dismiss the petition for mootness.

28    If Petitioner files a response to this order, Respondent may file a reply to Petitioner's

     response no later than ten (10) days after the date of service of Petitioner's response on

Respondent. Petitioner is instructed that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110, and result in dismissal of the petition.

IT IS SO ORDERED.

Dated:    October 16, 2012               /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE