# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO FERNANDO MIER-CARDENAS, ) | 1:10-cv-00152 AWI MJS HC |
| Petitioner, ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. ) | |
| NEIL H. ADLER, ) | |
| Respondent. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 1, 2010, Petitioner filed the instant petition for writ of habeas corpus. Petitioner seeks credit on his federal sentence. He claims that the Bureau of Prisons (BOP) failed to provide him credit for time served while in custody in Columbia. Respondent has responded to the petition. Petitioner has filed a traverse.

On October 15, 2010, Petitioner filed a notice of change of address which indicates that Petitioner is no longer in the custody of the BOP. This is consistent with Respondent's allegations in his answer that Petitioner was scheduled for release from custody on October 16, 2010. On October 16, 2012, the Court issued an order to show cause why the petition should not be dismissed as moot. (Order, ECF No. 19.) Petitioner did not respond to the order to show cause.

## I. DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable. For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision of the BOP denying the petitioner's request for credit towards his federal sentence for days spent in state custody was not moot where the petitioner was released and remained on supervised release, and the BOP's internal, favorable decision did not recalculate the

petitioner's release date as the petitioner had requested.

Here, the Court ordered Petitioner to show cause why the petition should not be dismissed as moot. Petitioner has been released from custody and did not respond to the order to show cause or otherwise describe any collateral consequences that may exist from his custody. Accordingly, the Court recommends that the petition for writ of habeas corpus be dismissed as moot.

## II. RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be dismissed as moot.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of the Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  January 23, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE